UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MOHAMMAD MINHAJ KHOKHAR,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF PAKISTAN THROUGH ITS MINISTRIES, et al.,<br><br>Defendants. | Case No: C 17-01769 SBA<br><br>Related to<br>Case No: C 15-06043-SBA<br><br>**ORDER DENYING REQUEST FOR FURTHER EXTENSION AND DISMISSING ACTION WITHOUT PREJUDICE** |

Plaintiff Mohammad Minhaj Khokhar ("Plaintiff"), acting pro se, filed the instant action against Defendants Government of Pakistan through its Ministries; Ministry of Finance; Ministry of Overseas Pakistanis & Human Resources Development; Ministry of Interior; Ministry of Law & Justice; Ministry of Foreign Affairs; Secretariat Prime Minister; and Mr. Malik Murtaza, Deputy Director of FIA Sindh at Karachi ("Mr. Murtaza") (collectively, "Pakistan Defendants"), as well as numerous other defendants—including Amjad Yousuf ("Amjad")—who have not yet appeared. Before the Court is Plaintiff's request for an extension of the time to file a First Amended Complaint. Dkt. 63.

I.  **BACKGROUND**

Plaintiff initiated the instant action on March 30, 2017. Dkt. 1. On May 16, 2017, the action was related to a previously filed action, Khokhar v. Amjad Yousuf, et al., Case No. 15-CV-06043-SBA. Dkt. 30. The two actions involve many of the same defendants and appear to arise out of the same contractual dispute between Plaintiff and Amjad. The instant action introduces the Pakistan Defendants, however, and appears to embrace events that occurred subsequent to the filing of the earlier action.

On July 3, 2017, the Pakistan Defendants (with the exception of Mr. Murtaza) filed a Motion to Dismiss for Lack of Jurisdiction under the Foreign Sovereign Immunities Act. Dkt. 43. The parties stipulated to extend the time for Plaintiff to respond to the motion from July 17 to July 31, 2017. Dkt. 46. In granting the stipulation, the Court further extended Plaintiff's time to respond to the motion to August 9, 2017. Dkt. 51. Plaintiff also filed an additional request for an extension of the "entire calendar by 50 days," Dkt. 49, which the Court denied as baseless, Dkt. 52.

On August 7, 2017, Plaintiff filed yet another request for an extension of the time to respond to the motion to dismiss. Dkt. 54. In ruling on the motion, the Court found that Plaintiff had failed to comply with Civil Local Rule 6-3 or to demonstrate the need for a further extension. Dkt. 58. Nevertheless, the Court granted Plaintiff a limited further extension, ordering him to respond to the motion by August 16, 2017. Id. The Court admonished Plaintiff that no further extensions would be given. Id.

On August 15, 2017—the day before a response to the motion was due—Plaintiff filed a notice of voluntary dismissal as to the Pakistan Defendants, including Mr. Murtaza. Dkt. 59. On August 23, 2017, the Court issued an Order Recognizing Dismissal of Pakistan Defendants and Dismissing Complaint with Leave to Amend. Dkt. 60. The order identified numerous deficiencies in Plaintiff's complaint, which the Court dismissed with leave to amend for failure to satisfy Rules 8(a) and 9(b). Among other things, the Court noted that, "aside from an ostensible claim for breach of contract—which is already alleged in Case No. 15-CV-06043—Plaintiff alleges no discernable cause of action." Id. at 4. The Court afforded Plaintiff twenty-one days to file an amended complaint, and warned that the failure to timely amend could result in dismissal of the action with prejudice. Id. at 6.

On September 13, 2017—the day an amended complaint was due—Plaintiff filed a request for an extension. Dkt. 61. In his request, Plaintiff stated that he was in the midst of discussions with the Government of Pakistan and waiting to meet with the Director of the Criminal Division of the Federal Investigation Authority ("FIA") in Islamabad regarding an ongoing investigation involving some of the defendants in this action, including and

chiefly, Amjad. Id. ¶¶ 1-3. In ruling on the request, the Court noted that Plaintiff had yet again failed to comply with Civil Local Rule 6-3 or to provide an adequate justification for an extension. Dkt. 62. Specifically, the Court noted: "Although Plaintiff asserts that he is in the midst of discussions with the Government of Pakistan . . . the Pakistan Defendants have been dismissed from this action. The defendants that remain in this action are not associated with the Government of Pakistan, and Plaintiff fails to explain how his discussions with the Government of Pakistan prevent him from timely filing an amended complaint against the remaining defendants." Id. at 2.

Despite the foregoing, the Court granted Plaintiff a limited extension, ordering him to file a First Amended Complaint on or before September 27, 2017. Id. at 2. The Court advised that, "**absent exigent and unforeseen circumstances, no further extensions will be granted.**" Id. (emphasis in original). The Court further advised that "the failure to comply with the Federal Rules of Civil Procedure, the Local Rules of the Court, or any Court Order is grounds for dismissal of the action under Federal Rule of Civil Procedure 41(b)." Id. The Court thus warned that "the failure to comply with any order or applicable procedural rule, including the failure to timely file an amended complaint, will be grounds for the imposition of sanctions, up to and including the dismissal of the action." Id. at 3.

On September 27, 2017—the day the amended complaint was due—Plaintiff filed the instant Request for an Extension to File First Amended Complaint by 28 Days until October 25, 2017, wherein he provides two justifications for the proposed extension. Dkt. 63. First, Plaintiff is waiting to see how the ongoing FIA investigation into Amjad and "his co-partners in crime" will progress. Id. at 2. Second, Plaintiff is awaiting a response to his request that the FIA discipline Mr. Murtaza. Id. Depending on the progress of these matters, Plaintiff threatens to refile his claims against Mr. Murtaza and/or all of the Pakistan Defendants. Id. at 2-3.[1]

---

[1] Specifically, if the FIA fails to "speed up" the investigation and "discipline" Mr. Murtaza, Plaintiff threatens to refile his claims against Mr. Murtaza. Dkt. 63 at 3. In addition, if the FIA "does not show any substantial progress or backs out," he threatens to "refile against all defendants including Government of Pakistan." Id. at 4.

- 3 -

| | |
|---|---|
| 1 | **II. MOTION TO CHANGE TIME** |
| 2 | "When an act may or must be done within a specified time, the court may, for good |
| 3 | cause, extend the time . . . with or without motion or notice if the court acts, or if a request |
| 4 | is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). |
| 5 | Where good cause is shown, a request for an extension generally should be granted in the |
| 6 | absence of bad faith by the moving party or prejudice to the adverse party. Ahanchian v. |
| 7 | Xenon Pictures, Inc., 624 F.3d 1253, 1258-59 (9th Cir. 2010) (citing 4B Charles Alan |
| 8 | Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)). A |
| 9 | court's decision to grant or deny an extension is reviewed for an abuse of discretion. |
| 10 | Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 795 (9th Cir. 1996). |
| 11 | As a threshold matter, a motion seeking an enlargement of time that alters an event |
| 12 | or deadline already fixed by Court order or that involves papers required to be filed or |
| 13 | lodged with the Court must be filed in accordance with Civil Local Rule 6-3. See Civil |
| 14 | L.R. 6-1(b). As provided by Civil Local Rule 6-3(a), a motion to enlarge time must be |
| 15 | accompanied by a proposed order and a declaration. Among other things, the declaration |
| 16 | must: (1) set forth with particularity, the reasons for the requested enlargement of time; |
| 17 | (2) identify the substantial harm or prejudice that would occur if the Court did not change |
| 18 | the time; (3) disclose all previous time modifications in the case, whether by stipulation or |
| 19 | Court order; and (4) describe the effect the requested time modification would have on the |
| 20 | schedule for the case. Id. |
| 21 | On at least two prior occasions, the Court advised Plaintiff that a motion to change |
| 22 | time must be filed in accordance with Civil Local Rule 6-3. Dkt. 58 at 2; Dkt. 62 at 2. On |
| 23 | both occasions, the Court provided Plaintiff with a link to the Local Rules. Dkt. 58 at 2 n.1; |
| 24 | Dkt. 62 at 2 n.1. The Court also expressly warned Plaintiff that the failure to comply with |
| 25 | the Federal Rules of Civil Procedure, the Local Rules of the Court, or any Court Order is |
| 26 | grounds for the imposition of sanctions, up to and including dismissal of the action. |
| 27 | Dkt. 62 at 2-3. Nevertheless, Plaintiff has yet again failed to comply with Civil Local Rule |
| 28 | 6-3 in filing the instant request for an extension. The request is not accompanied by a |

proposed order or declaration, and otherwise fails to include the requisite contents. "Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion." Tri-Valley CARES v. U.S. Dept. of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) (affirming denial of motion to augment the record where the movant failed to include the contents for an administrative motion, as required by the court's local rules). The Court could therefore deny Plaintiff's request for an extension on this basis alone.

Moreover, although "'[g]ood cause' is a non-rigorous standard," Ahanchian, 624 F.3d at 1259, the Court cannot find that Plaintiff has met his burden of establishing good cause for a further extension. The Court notes that the Pakistan Defendants' prior motion to dismiss for lack of subject matter jurisdiction appeared meritorious. After receiving numerous extensions of the time to oppose the motion on the merits, Plaintiff chose to voluntarily dismiss the Pakistan Defendants without prejudice. Thereafter, the Court dismissed the operative complaint as to the remaining defendants for failure to comply with Rules 8(a) and 9(b). Despite having received one extension and more than a month to file an amended complaint, Plaintiff failed to do so. Instead, he seeks a further extension on the ground that he needs additional time to assess the progress of the FIA's criminal investigation into Amjad and the disciplinary matter against Mr. Murtaza before deciding whether to bring the Pakistan Defendants back into this action. This is not an adequate justification for a further extension.

As a threshold matter, the Court warned Plaintiff that no further extensions would be granted absent exigent and unforeseen circumstances. In his request for a further extension, Plaintiff failed to identify any such unforeseen exigency.[2] Rather, the request is based solely on Plaintiff's vacillating outlook with regard to the Pakistan Defendants. As the Court previously advised Plaintiff in its prior order granting a limited extension, however, the Pakistan Defendants have been *dismissed* from this action, and Plaintiff's ongoing

---

[2] Prior to filing the instant request, Plaintiff was well aware of both the FIA's criminal investigation and Mr. Murtaza's purported improprieties. Plaintiff has repeatedly asserted that he expects the proceedings in Pakistan to advance slowly.

interactions with the Pakistan Defendants in no way prevents him from timely filing an amended complaint against the remaining defendants.  The Court will not allow this action to languish indefinitely for reasons related to non-parties.[3]  Finally, even if Plaintiff were to file an amended complaint that adds the Pakistan Defendants back into this action, his desire to first evaluate the progress of the proceedings taking place in Pakistan in no way justifies his failure to file an amended complaint as ordered.  Furthermore, Plaintiff cannot use the continued threat of this action as leverage in his dealings with the Pakistan Defendants.[4]  Once a complaint is filed in a district court, a plaintiff must be prepared to prosecute the action.  Accordingly, Plaintiff is not entitled to a further extension.

## III.  **DISMISSAL**

Having determined that a further extension will not be granted, this action is without an operative pleading.  Because Plaintiff failed to comply with a court order directing him to file an amended complaint within the time specified, the question of dismissal arises.

Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action if the plaintiff fails to prosecute or to comply with a court order.  Failure to file an amended complaint within the time specified by the Court thus qualifies as grounds for dismissal.  Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (affirming dismissal of an action for failure to amend in a timely fashion).  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public

---

[3] In fact, given that the Pakistan Defendants have been dismissed from this action, Plaintiff could not simply re-allege causes of action against them in an amended complaint, but would be required to seek leave of the Court under Federal Rule of Civil Procedure 21.

[4] Indeed, the granting of a further extension on these grounds would be prejudicial to the Pakistan Defendants.  Plaintiff's voluntary dismissal of the Pakistan Defendants denied them a decision on the merits of their motion to dismiss for lack of subject matter jurisdiction.  Although Plaintiff now threatens to bring them back into the action, he delays in doing so.  Thus, the Pakistan Defendants are prevented from seeking a judicial determination as to whether they are subject to suit.

policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is appropriate "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

The Court finds that the aforementioned factors weigh in favor of dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish, 191 F.3d at 990. Likewise, the Court's need to manage its docket also favors dismissal. Plaintiff's failure to prosecute this action has undermined the Court's ability to move toward an expeditious resolution of the case. Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"). Indeed, the failure to file an amended complaint has brought the action to a halt.

The third factor—the risk of prejudice to the defendants—generally requires that the "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642. At the same time, the Ninth Circuit has indicated that the risk of prejudice is "related to the plaintiff's reason for defaulting in failing to timely amend." Yourish, 191 F.3d at 991. Here, as discussed above regarding the request for an extension, Plaintiff's reasons for failing to file an amended complaint are insufficient. In brief, despite the Court's prior warning that no further extension would be granted absent exigent and unforeseen circumstances, Plaintiff failed to timely amend the complaint on the ground that he is contemplating, but has not yet determined, to bring the Pakistan Defendants back into this action. Setting aside the fact that Plaintiff has not obtained leave to add the Pakistan Defendants, this type of tactical litigation decision in no way justifies the failure to file an amended complaint as ordered. The third factor thus weighs strongly in favor of dismissal.

As to the fourth factor, the Court has already employed less drastic alternatives to dismissal. In its order dismissing the original complaint with leave to amend, the Court warned Plaintiff that a failure to timely amend could result in dismissal of the action. Dkt. 60 at 6. Thus, when Plaintiff filed his first request for an extension, which was also

without basis, the Court could have dismissed the action immediately. In consideration of less drastic alternatives, however, the Court granted Plaintiff a limited extension. In doing so, the Court again warned Plaintiff that the failure to timely file an amended complaint would be grounds for dismissal of the action. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

Finally, although the final factor favoring disposition of cases on the merits weighs against dismissal, see Pagtalunan, 291 F.3d at 643, such disposition is impossible absent an amended complaint. The Court has provided Plaintiff notice of the defects in his pleading, leave to amend, and an extension of the amendment deadline. Given the extent of the defects in the initial complaint, which failed to allege any cognizable cause of action not already alleged in the related action, the Court can no longer employ less drastic alternatives to dismissal in the face of Plaintiff's failure to file an amended pleading. On balance, these factors thus militate in favor of dismissal.

Nevertheless, as it appears that Plaintiff may have been unprepared to prosecute the instant action, and in view of his pro se status and the relatively early stage of the proceedings, said dismissal shall be without prejudice.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

(1) Plaintiff's request for an extension, Dkt. 63, is DENIED.

(2) The instant action is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

(3) The Clerk shall close the file and terminate all pending matters and deadlines.

IT IS SO ORDERED.

Dated: 10/10/17

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge